# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0818
Lower Tribunal No. 2024MM000077

_____

CHRISTOPHER WILLIAM FULLER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Osceola County.
Stefania C. Jancewicz, Judge.

July 17, 2026

PRATT, J.

A jury convicted Appellant of sexual cyberharassment pursuant to section 784.049(3)(a), Florida Statutes (2023). On appeal, Appellant challenges the trial court's denial of his motions for judgment of acquittal. He asserts that the trial court should have granted his motions because venue was established in Orange County where the sexually-explicit videos of the victim were received by the victim's significant other pursuant to section 910.15(1), Florida Statutes (2023). He further asserts that the trial court should have granted his motions because venue was

allegedly improper in Osceola County on the ground that section 910.15(2) should have never come into play since venue was already established in Orange County pursuant to section 910.15(1).

Appellant's argument misapprehends the venue provisions of section 910.15.[1] Section 910.15 provides in full:

> 910.15 Crimes facilitated by communication systems.—
> (1) A person charged with committing a crime facilitated by communication through use of the mail, telephone, or newspaper or by radio, television, Internet, or another means of electronic data communication may be tried in the county in which the dissemination originated, in which the dissemination was made, or in which any act necessary to consummate the offense occurred.
> (2) For purposes of this section, if a communication is made by or made available through the use of the Internet, the communication was made in every county within the state.

§ 910.15(1)-(2), Fla. Stat. Section 910.15(1) works in tandem with section 910.15(2). Section 910.15(1) provides that a defendant "may" be tried in any one of three potentially overlapping venues: "the county in which the dissemination [of the communication] originated," "the county . . . in which the dissemination [of the communication] was made," or "the county . . . in which any act necessary to consummate the offense occurred." Section 910.15(2) expands one of the venue provisions of section 910.15(1)—i.e., the second venue provision pertaining to "the

---

[1] Section 910.15 is a venue statute because it concerns where a person may be tried for a crime. *See Bush v. State*, 945 So. 2d 1207, 1211 (Fla. 2006) ("Venue concerns 'the privilege of being accountable to a Court in a particular location.'" (citation omitted)). No other venue statutes are at issue in this appeal.

county . . . in which the dissemination [of the communication] was made"—to "every county within the state" under circumstances in which "a communication is made by or made available through the use of the Internet." To put a finer point on it, section 910.15(1) plainly provides that if "[a] person [is] charged with committing a crime facilitated by communication through use of the mail, telephone, or newspaper or by radio, television, Internet, or another means of electronic data communication [he or she] may be tried in the county . . . in which the dissemination [of the communication] was made." And section 910.15(2) plainly expands the "in the county . . . in which the dissemination [of the communication] was made" venue provision of section 910.15(1) by providing that, "[f]or purposes of . . . section [910.15], if a communication is made by or made available through the use of the Internet, the communication was made in every county within the state." Simply put, if the Internet-related venue expansion provision of section 910.15(2) applies to a given case, then the "in the county . . . in which the dissemination [of the communication] was made" venue provision of section 910.15(1) must be read to allow venue in every county within the state as authorized by section 910.15(2).

In this case, the State "charged [Appellant] with committing a crime facilitated by communication through use of" one of the enumerated means in section 910.15(1). Because competent substantial evidence was presented at trial that Appellant facilitated his crime via an email communication that was "made by or

3

made available through the use of the Internet" under section 910.15(2), a jury could have reasonably inferred from the evidence that venue was proper "in every county within the state" because the "dissemination" of the email communication was "made" in every county for purposes of section 910.15(1)-(2). *See* § 910.15(1)-(2), Fla. Stat. ("A person charged with committing a crime facilitated by communication through use of the mail, telephone, or newspaper or by radio, television, Internet, or another means of electronic data communication may be tried in the county . . . in which the dissemination [of the communication] was made . . . . For purposes of . . . section [910.15], if a communication is made by or made available through the use of the Internet, the communication was made in every county within the state."). *See generally, e.g.*, *Wolf v. State*, 416 So. 3d 1117, 1126 (Fla. 2025) ("This Court reviews the denial of a motion for judgment of acquittal de novo, upholding the conviction where supported by competent, substantial evidence. Venue need not be established beyond a reasonable doubt. Venue is sufficiently proven if the jury can reasonably infer from the evidence that the crime occurred in the county where the trial occurs." (citations, internal quotation marks, and internal brackets omitted)); *Gordon v. State*, 350 So. 3d 25, 35 (Fla. 2022) ("Evidence is competent if it is sufficiently relevant and material; evidence is substantial if there is enough that a reasonable mind would accept the evidence as adequate to support a conclusion." (citations, internal quotation marks, and internal brackets omitted)); *Vana v. State*, 419 So. 3d 1172,

4

1173 (Fla. 6th DCA 2025) (explaining that when a defendant moves for a "judgment of acquittal," he or she admits "all the facts in evidence, as well as every reasonable inference that the jury could draw from those facts" (citations omitted)).[2] Every county includes Osceola County where the victim and her significant other reported Appellant's crime to law enforcement and where the State charged Appellant with sexual cyberharassment. As such, the trial court properly denied Appellant's motions for judgment of acquittal.

True, had the State sought to charge Appellant in the venue of Orange County, it could have done so pursuant to section 910.15(1) without needing to invoke section 910.15(2). That is because, at the very least, the "dissemination" of the email communication was "made" in Orange County where the sexually-explicit videos of the victim were received by the victim's significant other. *See* § 910.15(1), Fla. Stat.; *see also Debose v. State*, 408 So. 3d 33, 36 (Fla. 1st DCA 2024) ("[W]e find that

---

[2] Appellant neither disputed below nor on appeal that the "email" communication containing the sexually explicit videos of the victim was made by or made available through the use of the "Internet." Regardless, competent substantial evidence was presented at trial that the "email" communication sent from one gmail.com email address to another gmail.com email address was made by or made available through the use of the "Internet" as those terms are commonly understood. *See generally, e.g.*, *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 851 (1997) (explaining that "[a]nyone with access to the Internet may take advantage of a wide variety of communication and information retrieval methods," including "electronic mail (e-mail)"); *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1210 (Fla. 2010) ("The Internet is the world's largest computer network. There are multiple ways to transmit and receive information across the Internet, including e-mails . . . ." (citations omitted)).

[the issue of venue] is resolved by section 910.15(1) . . . . Regardless of [the defendant's] location when he texted the victim, the evidence showed that the victim was in Alachua County when she received the communications from [the defendant]. Because the 'dissemination' of the communication 'was made' in Alachua County, venue was proper there under section 910.15(1), and the court did not err in denying the motion for judgment of acquittal.").[3] But contrary to Appellant's argument, just because the State could have prosecuted Appellant in Orange County pursuant to section 910.15(1) does not mean that the State was precluded from prosecuting Appellant in Osceola County pursuant to section 910.15(2). *Cf. Stewart v. Carr*, 218 So. 2d 525, 527 (Fla. 2d DCA 1969) ("[I]f a suit is brought under a specific State statute and that statute provides its own individual venue, then such specifically prescribed venue governs. In other words, where the legislature provides affirmatively that an action may be brought in a certain county or choice of counties, a Court may not impose its will as to venue in order to force the plaintiff to accept another forum." (citation omitted)). To accept Appellant's cramped reading of section 910.15(1) would unnecessarily render section 910.15(2) ineffectual and superfluous, contrary to section 910.15's plain meaning and context. *See generally,*

---

[3] Because the First District found that section 910.15(1) resolved the venue issue presented in *Debose*, the First District had no need to address the interplay between section 910.15(1) and section 910.15(2). *See generally Debose*, 408 So. 3d at 35-36 & n.1.

*e.g.*, *State v. Washington*, 403 So. 3d 465, 470 (Fla. 6th DCA 2025) ("Florida courts follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means. Thus, we interpret Florida's constitution and statutes according to the plain meaning of their text, looking to all the textual and structural clues that bear on the meaning of a disputed text and using the traditional interpretive canons for guidance where helpful." (citations and internal quotation marks omitted)). We decline to ascribe a meaning to section 910.15 that neither text nor context can reasonably bear.

AFFIRMED.

TRAVER, C.J., and GANNAM, J., concur.

Blair Allen, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Roberts J. Bradford, Jr., Senior Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED